tive and substantial evidence. And further, it is not in accordance with law.

Therefore, the order of the appellee issued September 20, revoking appellant's license is reversed.

*Order reversed.*

RYAN *v.* MACKOLIN.*

(No. 224673—Decided December 15, 1965.)

Common Pleas Court of Franklin County.

*Mr. Rick E. Marsh,* for plaintiff.

*Messrs. Hamilton & Kramer* and *Mr. Joseph R. Hague,* for defendant, Boley.

*Messrs. Power, Griffith, Jones & Bell* and *Mr. William H. Schneider,* for defendant, Mackolin.

*Reversed, 9 Ohio App. 2d 74.

## Appendix D

### *Demurrer by Defendants to Petition*

Stern, J. Defendants have been joined in one law suit, based upon two different automobile collisions, at two different places, at different times, involving different defendants. Plaintiff claims that as a result of both collisions he has sustained serious injury to his low back, which has necessitated surgery. Both collisions (one in 1963 and the other in 1964) are rear-end collisions.

In considering the demurrer I must first consider Section 2307.191, Revised Code. As I read the statute, I believe that the section requires that the pleading must allege a right to relief of or arising out of the same occurrence or series of occurrences *and* a question of law or fact common to all defendants. In *Summit Portage Concrete & Supply Company* v. *Hunter,* 1 Ohio App. 2d 545, the court said:

"Under Section 2307.191, Revised Code, in order for a proper joinder to exist, there must be asserted against the parties a right to relief arising out of a transaction as set out in the statute. There is a necessity for a common question of law, or fact, to arise. Both factors must exist for a proper joinder to take effect under this new statute."

In order for plaintiff to join several defendants in a single action, there must be some concert of action that would support a single judgment. The "thread" to connect joint tort feasors in a single action can only be where there is joint accountability. Section 2307.19, Revised Code, is concerned with joinder of parties defendant to complete the determination of a question involved in the suit. There are in this suit at least two questions involved pertaining to two different occurrences. Even though plaintiff has pleaded two different causes of action, only one remedy is sought in the prayer against both defendants. There is no allegation in the pleading to indicate a joint or several liability on the part of the defendant. Plaintiff claims that the resultant injury being the same in both cases this is sufficient to bring it within the joinder statute. The question here is not the injury or injuries which plaintiff unfortunately sustained, but a "right of action." A

cause of action presupposes a breach of some duty—a right of action includes as its essential element (1) The existence of a wrong and (2) The law which provides redress— the law of remedy. (1 Ohio Jurisprudence 2d, Section 23, pages 286-287.) Each collision gives rise to a separate cause of action and the joinder statute does not go beyond the joining of defendants in a single action unless the suit is based upon a series of connected events. In this suit there is no connection between the two events.

In Section 2309.05, Revised Code, the Legislature has set forth the types of cases which may be united in several causes of action. I cannot find that the petition in this case comes within the purview of this statutory provision, particularly subdivisions (A) and (B). In my opinion this section must be complied with and it is not in conflict with the provisions of Section 2307.191, Revised Code (where allowable).

I do not see that Section 2309.06, Revised Code (repealed July 20, 1965) has any application in this case for the reason as stated in *Huggins* v. *Morrell & Co.*, 176 Ohio St. 171, page 177:

"There is no basis, certainly no authority, for the position that Section 2307.19, dealing with joinder of parties defendant, is to be interpreted as an implied exception to the requirements concerning joinder of causes of action in Section 2309.06, Revised Code."

In addition, it is my opinion that plaintiff has not complied with the provisions of Sections 2307.191 and 2309.05, Revised Code.

The demurrer filed by the defendants is well taken.

The demurrer filed by each defendant is sustained.

*Demurrer sustained.*