**BUCKEYE UNION INSURANCE COMPANY, Appellant,**

v.

**CONSOLIDATED STORES CORPORATION, Appellee, et al.**

[Cite as *Buckeye Union Ins. Co. v. Consol. Stores Corp.* (1990), 68 Ohio App.3d 19.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–1428.

Decided June 14, 1990.

*Lane, Alton & Horst, D. Wesley Newhouse* and *Michael H. Watson,* for appellant.

*Baker & Hostetler, Randall S. Rabe* and *Karen E. Sheffer,* for appellee.

MARTIN, Judge.

Plaintiff-appellant, Buckeye Union Insurance Company, appeals from the November 6, 1989 judgment of the Franklin County Court of Common Pleas overruling its motion for summary judgment and granting the cross-motion of defendant-appellee, Consolidated Stores Corporation ("Consolidated"), for summary judgment.

Appellant raises the following four assignments of error:

"1.  The trial court erred in finding that the negligence of the defendant-appellee's employee fell within the definition of 'casualty' and therefore that said negligence was covered under the 'other casualty' language in the surrender clause of the lease.

"2.  The trial court erred in concluding that the negligence of defendant-appellee's employee fell within the scope of the definition 'casualty' since the term is not specifically defined in either the insurance policy or in the lease to include the negligence of either party to the lease.

"3.  The trial court erred in granting defendant-appellee's motion for summary judgment as issues of material fact exist with regard to which column collapsed and what caused the collapse.

"4.  The trial court erred in finding that *United States Fire Ins. Co. v. Phil–Mar Corp.* (1956), 166 Ohio St. 85, was controlling in this case."

In October 1985, Borden, Inc. leased certain warehouse premises at 1625 West Mound Street, Columbus, Ohio, to Consolidated.  In December 1985, Borden donated these premises to the United Way of Franklin County, Inc., subject to the lease to Consolidated.  Borden, as the original lessor, had drafted the lease in question.

On or about March 25, 1986, a temporary employee of appellee, co-defendant David Hill (an employee furnished by co-defendant Hours, Inc.), apparently operated a forklift into a steel support column which caused the roof of the warehouse, or at least some portion of it, to collapse.

Appellant had insured the premises against risk of physical loss under a comprehensive business policy issued to United Way.  It paid to its insured $48,744.48 for damages sustained to the warehouse and obtained a subrogation claim from United Way.

Appellant filed suit in negligence on April 28, 1987, originally naming as defendants Consolidated, Hours, Inc., and David Hill.  Consolidated and Hours answered the complaint, but David Hill did not and a default judgment was entered against him on November 23, 1987.  Hours, Inc. was dismissed from the action on October 12, 1988.

By a pretrial order entered on September 28, 1988, the trial court granted leave to appellant and appellee to each move for summary judgment consistent with the local nonoral hearing procedure. These motions were each filed on October 21, 1988, accompanied by a joint stipulation of facts.

Although the trial court had originally granted a protective order precluding the deposition of Hill by appellant, that order was vacated on January 9, 1989 and Hill was thereafter deposed. Subsequent to this deposition, the parties were permitted to supplement their motions through July 19, 1989.

The trial court, in its decision filed October 25, 1989 (journalized on November 6, 1989), denied appellant's summary judgment motion, but granted that of Consolidated. Buckeye Union timely filed a notice of appeal on December 6, 1989.

We first address the third assignment of error which alleges error in granting appellee's summary judgment motion on the basis of the existence of disputed issues of material fact. Upon consideration, we find the trial court acted correctly.

The salutary purposes underlying Civ.R. 56 have been repeatedly published and need not be repeated here. *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 24 O.O.3d 1, 433 N.E.2d 615; *Washington Cty. Farm Bur. Coop. Assoc. v. B. & O. RR. Corp.* (1972), 31 Ohio App.2d 84, 60 O.O.2d 174, 286 N.E.2d 287; *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 323–329, 106 S.Ct. 2548, 2553–2555, 91 L.Ed.2d 265, 273–278. In a summary judgment proceeding, the movant must demonstrate: (a) that there is an absence of genuine issues of *material* fact; (b) that he is entitled to judgment as a matter of law; and (c) that it appears from the evidence submitted that reasonable minds could come to but one conclusion which is adverse to the nonmoving party, after viewing that evidence most strongly in favor of the nonmoving party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267; *State, ex rel. Cuyahoga Cty. Hosp., v. Bur. of Workers' Comp.* (1986), 27 Ohio St.3d 25, 27 OBR 442, 500 N.E.2d 1370.

In every lawsuit there are some disputed issues of fact, but Civ.R. 56 focuses on those which are "material." The materiality determination of facts is discussed in *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202. The mere existence of some factual disputes, if not material, will not defeat a summary judgment otherwise proper. If one's case is supported only by a "scintilla" of evidence, or if his evidence is "merely colorable" or not "significantly probative," summary judgment should be entered.

In the case *sub judice*, the trial court eventually permitted appellant to depose the forklift driver, David Hill. Presumably, this deposition revealed

that he had not acted intentionally and it may have suggested some degree of negligence on his part, or not. For purposes of the summary judgment motions submitted by these parties, the trial court could even assume Hill was, in fact, negligent. However, a finding of that employee's negligence was not some condition precedent to the trial court's ultimate construction of the lease covenants at issue and, consequently, any disputed facts on the question of negligence were not "material" for summary judgment consideration in this particular action.

Appellant's third assignment of error is therefore overruled.

Since assignments of error one, two, and four are interrelated, involving an interpretation of the United Way–Consolidated lease documents, they shall be addressed together. The major controversy arises over the trial court's legal construction of the "repairs/surrender" and "insurance" clauses of the lease with respect to whether Consolidated's negligence, assuming *arguendo* it exists, falls within the purview of an excepted "other casualty." Applying *United States Fire Ins. Co. v. Phil–Mar Corp.* (1956), 166 Ohio St. 85, 1 O.O.2d 212, 139 N.E.2d 330, the trial court resolved that issue in Consolidated's favor and rejected appellant's position that the "repairs/surrender" clause was never intended to relieve appellee from liability for negligence resulting in a collapse of the leased structure.

At the outset, we recognize that appellant did not author the lease. As observed, the lease was drafted by the original owner-landlord, Borden, Inc., and United Way inherited the lease as the donee from Borden. However, appellant did insure the premises for United Way, as successor landlord, and claims rights under subrogation from United Way, its insured. Appellant's rights, as a subrogee, are therefore no greater than those of its insured-subrogor. Consequently, if, under the lease, the lessor United Way had relieved its lessee, Consolidated, from common-law liability for negligence from collision under the "other casualty" exception in the repairs/surrender clause, then the same limitation applies to appellant as its subrogee. *United States Fire Ins., supra,* 166 Ohio St. at 86, 1 O.O.2d at 213, 139 N.E.2d at 331.

The "repairs/surrender" clause appears in the original Borden–Consolidated lease on page 1, in part, as:

"6. REPAIRS: Tenant shall, at its own sole cost and expense, make all repairs it deems necessary to the interior of the demised premises, including all windows, and at the end of this term or any extension thereof, shall surrender the demised premises to Landlord in substantially the same condition as when received, *ordinary wear and tear and loss or damage by fire, Acts of God, or other casualty excepted.* * * *" (Emphasis added.)

The "insurance" clause of this lease appears on page 2, thereof, as:

"8. INSURANCE: During the term of this lease and any extension there-, of, *Landlord at its sole expense shall keep the demised premises insured against loss by fire or other casualty customarily covered by a fire and extended coverage policy to the full replacement cost thereof.* Tenant shall carry comprehensive public liability insurance naming Landlord as an additional named insured on a form and by a company satisfactory to Landlord with limits of $500,000 per incident $300,000 per person and $100,000 property damage." (Emphasis added.)

These lease covenants were not altered by the lease "addendum" between Borden and Consolidated dated November 14, 1985.

■ The lease clearly required both the lessor and lessee to secure insurance; however, the lessor was to insure the premises against loss or damage by fire or "other casualty" to the "full replacement cost thereof." The lessee was to insure for liability to persons or nonstructure-related property. That Consolidated failed to name its landlord as an additional named insured under the required public liability policy is not relevant to the issues before us.

There is no evidence in the record to suggest Consolidated's employee, Hill, acted intentionally or criminally. The term "other casualty" is not defined by the lessor, nor does the lease specify with whom the responsibility for acts of negligence lies.

Contracts, as in this case a lease agreement, must be given a just and reasonable construction in order to carry out the presumed intent of the parties (*E.S. Preston Assoc., Inc. v. Preston* [1986], 24 Ohio St.3d 7, 24 OBR 5, 492 N.E.2d 441), since the underlying purpose of contract construction is to effectuate that intent. *Skivolocki v. East Ohio Gas Co.* (1974), 38 Ohio St.2d 244, 67 O.O.2d 321, 313 N.E.2d 374. The intent of the parties to a contract is presumed to reside in the language they chose to employ in it. *Blosser v. Enderlin* (1925), 113 Ohio St. 121, 148 N.E. 393; *Kelly v. Medical Life Ins. Co.* (1987), 31 Ohio St.3d 130, 31 OBR 289, 509 N.E.2d 411, paragraph one of the syllabus.

■ In construing written agreements, the language and terms therein are to be given their plain, common, and ordinary meaning. *United States Fire Ins., supra,* 166 Ohio St. at 87, 1 O.O.2d at 213, 139 N.E.2d at 332; *Aultman Hosp. Assn. v. Community Mut. Ins. Co.* (1989), 46 Ohio St.3d 51, 54, 544 N.E.2d 920, 923–924. The document must be read as a whole and construed most strongly against its author. *Smith v. Eliza Jennings Home* (1964), 176 Ohio St. 351, 27 O.O.2d 305, 199 N.E.2d 733; *Fain v. Hoptry* (1986), 34 Ohio App.3d 148, 517 N.E.2d 550; *Cleveland Trust Co. v. Snyder* (1978), 55 Ohio

App.2d 168, 9 O.O.3d 329, 380 N.E.2d 354; *DeSantis v. Zell* (C.P.1951), 60 Ohio Law Abs. 351, 45 O.O. 273, 98 N.E.2d 68. The total absence of a provision from a written contract is evidence of an intention of the parties to exclude it rather than of an intention to include it. *Cronin v. Greenwald* (1952), 92 Ohio App. 216, 49 O.O. 328, 109 N.E.2d 540.

Applying these principles of contract construction, the trial court attached to the expression "other casualty" in the lease its commonly accepted definition as "an accident or event that results from an unusual or unexpected cause" and then, applying *United States Fire Ins., supra,* determined that "other casualty" within the context of this lease (reading the surrender and insurance clauses together) meant *any* damage caused in *any* manner, including negligence, other than by Consolidated's own intentional or criminal acts. The lease does not say loss or damage by "nonnegligent other casualty," but merely loss or damage from "other casualty" without any qualification or limitation. Likewise, since the lease itself did not specifically assess to either party the loss occasioned from an "other casualty," it was concluded by the trial court that same was to be borne by the party, under the insurance clause, which was required to obtain insurance coverage against such damage, to wit: the lessor, United Way (and therefore its subrogee, Buckeye Union).

The real issue before us then is, under these facts, whether the *United States Fire Ins.* doctrine should be extended to other nonfire-related incidents as an exception to the general principle of requiring some express exclusion of negligence. We find no significant differences distinguishing this case from *United States Fire Ins., supra,* other than a collision versus a fire situation. The trial court was correct in applying and following *United States Fire Ins.* and in concluding that appellee's employee's conduct fell within the concept of an "other casualty" as contemplated in the parties' lease.

Appellant's assignments of error one, two, and four are also overruled.

Appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE and BOWMAN, JJ., concur.

WILLIAM J. MARTIN, J., of the Carroll County Court of Common Pleas, sitting by assignment.