MISKINIS, Appellant,

v.

CHESTER TOWNSHIP PARK DISTRICT et al., Appellees.

[Cite as *Miskinis v. Chester Twp. Park Dist.* (1996), 112 Ohio App.3d 466.]

Court of Appeals of Ohio,
Eleventh District, Geauga County.

No. 95–G–1943.

Decided June 10, 1996.

*Donald J. Miskinis, pro se.*

*Algis Sirvaitis & Associates, Egidijus Marcinkevicius* and *Brenda T. Bodnar,* for appellees, Chester Township Park District, Richard J. Makowski, Joan DiCillo and Al Datillo, Commissioners.

*Jerry Flesher, pro se.*

FORD, Presiding Judge.

Appellant, Donald J. Miskinis, appeals from a judgment of the Geauga County Court of Common Pleas, granting summary judgment for appellees.[1]

Appellant contends that he submitted an application on August 17, 1993, to request a permit for use of the Parkside Park ball field to operate his newly formed softball league during the 1994 summer season. According to appellant, the application was not approved, and his request for a reconsideration date was denied. Appellant asserts that he left the application and fee with the commissioners after being advised of their first-come, first-served policy for granting permits. He avers that Commissioner DiCillo stated that he would be notified of the date for reconsideration, but he alleges that such notification never occurred. Appellant states that he refused appellees' attempt to refund his application fee and advised a park district employee that he wished to remain first in line.

Appellant submitted a second application and fee for the 1994 summer season on or about February 28, 1994. On April 12, 1994, appellant received a letter from the chairman of the park district board stating that the permit had been granted to West Geauga Baseball Federation because that organization's application had been received on January 27, 1994, and had been approved on February

---

1. The appellees are Chester Township Park District; park district commissioners Richard J. Makowski, Joan DiCillo, and Al Datillo; West Geauga Baseball Federation; and the federation's commissioner, Jerry Flesher. For purposes of this opinion, "appellees" will refer to the park district and the commissioners.

21, 1994. The letter further stated that the board had been advised that teams for the Federation's league had already been formed.

Appellant filed a complaint on December 9, 1994, alleging tortious, fraudulent, and conspiratorial conduct and seeking injunctive relief. The trial court granted summary judgment for appellees.[2] Appellant filed a timely notice of appeal and raises a single assignment of error:

"The trial court erred to the prejudice of [appellant] in granting the motion for summary judgment filed against him."

A trial court properly grants summary judgment under the following circumstances:

"Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 273.

The trial court may consider the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts, and any written stipulations of fact when conducting the summary judgment exercise. Civ.R. 56(C).

■ In *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264, the Supreme Court of Ohio modified the summary judgment standard as had applied under *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095. Now, "the moving party bears the initial responsibility of informing the trial court of the basis for the motion, *and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim.*" (Emphasis *sic.*) *Dresher* at 296, 662 N.E.2d at 276. The nonmoving party must then "set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment * * * shall be entered against the nonmoving party." *Id.* at 293, 662 N.E.2d at 274.

---

2. Appellant also filed a motion for default judgment against appellees Jerry Flesher and West Geauga Baseball Federation. The trial court did not issue a separate ruling, but stated in its judgment entry that summary judgment was granted as to both defendants because neither had any authority or ability to control the discretionary decisions of the park district commissioners.

A review of appellees' summary judgment motion reveals that it contained specific references to the points in the record which demonstrated that appellant had no evidence to support his claims. We determine that appellees complied with their responsibility under the *Dresher* standard.

■ Before we review appellant's tort claims, we must determine whether the park district and the commissioners are immune from liability. R.C. 2744.03(A) delineates the scope of qualified statutory immunity afforded to a political subdivision and provides that:

"(3) The political subdivision is immune from liability if the action or failure to act by the employee involved that gave rise to the claim of liability was within in the discretion of the employee with respect to policy-making, planning, or enforcement powers by virtue of the duties and responsibilities of the office or position of the employee.

" * * *

"(5) The political subdivision is immune from liability if the injury, death, or loss to persons or property resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources, unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner."

Pursuant to R.C. 2744.03(A)(6)(b), an employee of a political subdivision is immune from liability unless "[h]is acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner."

Appellant argues that the commissioners are not immune under R.C. 2744.03 because their conduct was wanton and reckless and motivated by and the result of malice, bad faith, and ill will. In *Jackson v. Butler Cty. Bd. of Cty. Commrs.* (1991), 76 Ohio App.3d 448, 602 N.E.2d 363, the Twelfth District Court of Appeals reviewed the definitions of the pertinent terms, stating that:

"[T]he Supreme Court has held that ' "[m]alicious" means "indulging or exercising malice; harboring ill will or enmity." ' Furthermore, 'malice' can be defined as the willful and intentional design to do injury, or the intention or desire to harm another, usually seriously, through conduct which is unlawful or unjustified.

" * * *

" ' * * * [B]ad faith * * * embraces more than bad judgment or negligence. It imports a dishonest purpose, moral obliquity, conscious wrongdoing, breach of

a known duty through some ulterior motive or ill will partaking of the nature of fraud. It also embraces actual intent to mislead or deceive another.'

"Finally, an individual acts in a 'reckless' manner ' "if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent." ' " (Citations omitted). *Id.* at 453–454, 602 N.E.2d at 367.

The scope of discretionary authority accorded to park district commissioners was described by the Supreme Court of Ohio in *Marrek v. Cleveland Metroparks Bd. of Commrs.* (1984), 9 Ohio St.3d 194, 9 OBR 508, 459 N.E.2d 873, where the court held that:

"[W]e hold that no tort action will lie against a board of commissioners of a park district for those acts or omissions involving the exercise of a legislative or judicial function or the exercise of an executive or planning function involving the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion." *Id.* at 196, 9 OBR at 509, 459 N.E.2d at 875.

Appellees submit that they granted the permit to West Geauga Baseball Federation based on that organization's track record of successful league management and the fact that the Federation's application was received first. The park district commissioners evidently reached their decision after analyzing extrinsic factors in conjunction with the applications themselves, a deliberation involving judgment and discretion. Assuming *arguendo* that appellees violated their first-come, first-served policy when they granted the permit to the Federation instead of appellant, it is our view that such a decision would have fallen within the ambit of their discretionary authority in any case.

Appellant has failed to set forth specific facts showing that appellees' actions rose to the crest of reckless, willful, or malicious conduct or that they acted in bad faith. Appellant contends that appellees ignored or buried his August 1993 application. However, according to appellant's own narrative of facts, appellees did not approve that application and even attempted to return the fee to appellant. These actions suggest that appellees rejected that application.

We note that appellant admitted in his deposition testimony that he had no facts to support his allegations other than those contained in his complaint. "[A] plaintiff may not rest upon mere allegations, but must set forth specific facts which show there is an issue for trial." *Shaw v. J. Pollock & Co.* (1992), 82 Ohio

App.3d 656, 659, 612 N.E.2d 1295, 1297. Inferences are insufficient to defeat summary judgment, a principle noted by the Tenth District Court of Appeals in *Buckeye Union Ins. Co. v. Consol. Stores Corp.* (1990), 68 Ohio App.3d 19, 587 N.E.2d 391, holding that:

"If one's case is supported only by a 'scintilla' of evidence, or if his evidence is 'merely colorable' or not 'significantly probative,' summary judgment should be entered." *Id.* at 22, 587 N.E.2d at 393, citing *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202.

Appellant failed to present sufficient evidence to establish genuine factual issues regarding reckless, willful, or malicious conduct or bad faith. Accordingly, appellees were entitled to qualified statutory immunity under R.C. 2744.03 and to judgment as a matter of law.

Further, we note that appellant failed to properly plead any of the tort claims. Civ.R. 8(A) requires a short and plain statement of the claim. Appellant's complaint listed a sequence of events, but failed to set forth the facts in a manner that stated any elements of a cognizable claim. The First District Court of Appeals discussed the rule governing a properly pleaded cause of action in *Fancher v. Fancher* (1982), 8 Ohio App.3d 79, 8 OBR 111, 455 N.E.2d 1344, stating that:

" '[T]he complaint * * * need not state with precision all elements that give rise to a legal basis for recovery as long as fair notice of the nature of the action is provided. However, the complaint must contain either direct allegations on every material point necessary to sustain a recovery on any legal theory * * * *or contain allegations from which an inference may be drawn that evidence on these material points will be introduced at trial.' * * * *"* (Emphasis *sic.*) *Id.* at 83, 8 OBR at 115–116, 455 N.E.2d at 1348.

■ To prove tortious conduct, the plaintiff must prove duty and the existence of a wrong for which the law provides a remedy. *Ryan v. Mackolin* (1965), 14 Ohio Misc. 16, 18, 43 O.O.2d 25, 26, 235 N.E.2d 254, 255–256. Appellant did not present any facts that established what, if any, duty appellees owed to him. Therefore, the tort claim was not properly pleaded.

■ With regard to fraud, the injured party must prove (1) a representation, or, where there is a duty to speak, concealment of a fact, (2) which is material to the transaction, (3) made falsely, or with knowledge of its falsity, or with such recklessness that knowledge may be inferred, (4) with the intent to induce reliance, (5) justifiable reliance upon the representation or concealment, (6) and a

resulting injury proximately caused by the reliance. *Russ v. TRW, Inc.* (1991), 59 Ohio St.3d 42, 49, 570 N.E.2d 1076, 1083. Further, fraud must be pleaded with particularity under Civ.R. 9(B). The fact that appellees may have advised appellant of their policy and then acted contrary to that policy is not sufficient by itself to establish fraud, especially in light of our previous conclusion regarding appellees' discretionary authority. Appellant failed to comply with these pleading requirements.

A claim of civil conspiracy requires the plaintiff to prove a malicious combination of two or more persons causing injury to person or property and the existence of an unlawful act independent from the actual conspiracy. *Universal Coach, Inc. v. New York City Transit Auth., Inc.* (1993), 90 Ohio App.3d 284, 292, 629 N.E.2d 28, 33. The fact that the commissioners, as a group, did not approve his application is insufficient by itself to establish the existence of genuine factual issues with regard to this claim. Further, appellant has not alleged that appellees committed an unlawful act. Appellant's allegations of tortious, fraudulent, and conspiratorial conduct are without merit.

The trial court properly granted summary judgment for the park district and the commissioners. Further, we concur with the trial court's grant of summary judgment for Jerry Flesher and West Geauga Baseball Federation because those parties had no authority or control over the discretion of the park district commissioners.

Appellant's assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

CHRISTLEY and NADER, JJ., concur.