Plaintiff-appellant, Daniel B. McGuinness, appeals from a decision of the Montgomery County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Officer Willie Hooper and the City of Dayton. Appellant asserted a claim of malicious prosecution, in connection with his citation for a traffic offense, and claims of both intentional and negligent infliction of emotional distress. Against these claims, defendants-appellees asserted affirmative defenses of immunity under Chapter 2744 of the Revised Code. Because we find that appellant failed to produce evidence sufficient to overcome a summary judgment motion in light of these defenses, we affirm the judgment of the trial court.
 I.
Shortly before midnight, on November 16, 1994, appellant was involved in a traffic accident near the University of Dayton. After pulling his car from a parallel parking space, appellant's automobile was hit by another automobile driven by Shane Potter. University of Dayton public safety officers arrived at the scene and City of Dayton police officers were also summoned. Approximately one-hour after the accident, Officer Willie Hooper of the Dayton Police Department arrived. Shortly after his arrival, he observed another automobile being operated in a reckless manner. Officer Hooper left the scene to apprehend the reckless driver. Upon his return, he issued a citation and summons against appellant for failing to yield the right-of-way when pulling away from the curb, in violation of Dayton Revised Code of General Ordinances, Section 71.01(A). At a hearing on January 18, 1995, the Dayton Municipal Court dropped the charge against appellant because an essential witness failed to appear.
On November 6, 1995, appellant filed a complaint against Officer Hooper, the Dayton Police Department, and the City of Dayton claiming damages for malicious prosecution, intentional infliction of emotional distress, and negligent infliction of emotional distress. The trial court dismissed the Dayton Police Department as a party on the grounds that it was not a separate suable entity apart from the city itself. Appellant has not appealed that decision.
On July 26, 1996, appellees filed a motion for summary judgment. On August 12, 1996, appellant filed a memorandum in opposition to the motion. Attached to appellant's memorandum were fourteen exhibits. On motion of the appellees, the trial court struck all but two of these exhibits from the record. The court found some of these exhibits inadmissible as hearsay, some inadmissible for lack of relevancy, and some inadmissible for both reasons. Appellant has not assigned error to the actions of the trial court in this regard.
The trial court did not strike exhibit two of the memorandum which was appellant's own affidavit. In it, appellant stated that Officer Hooper never inspected his vehicle. He said that the officer never spoke to either him or to Shane Potter before issuing the citation. Appellant claims that, when handed the citation, he informed the officer that he had not failed to yield, but had already been in the lane for some time when Potter failed to brake and caused the accident. Nevertheless, according to the affidavit, the officer refused appellant's requests to investigate the accident any further.
On August 23, 1996, appellees filed a memorandum of reply to which were attached two additional affidavits. The first was given by Harold Jones, a public safety sergeant with the University of Dayton. The second was given by Sheryl Lively, also a public safety officer. Both testified that, from their observations of the accident scene, they believed that appellant was at fault. Officer Lively also testified that she conducted an investigation of the accident, including taking written statements from the drivers, and that she informed Officer Hooper of her conclusions before he issued the citation. Appellant moved to strike these affidavits as irrelevant, but the trial court denied the motion.
On April 11, 1997, the court entered its decision granting summary judgment in favor of the appellees. The court found that Officer Hooper had probable cause to issue the citation. It found that the officer's actions fell short of the extremity that would support a claim of intentional infliction of emotional distress. Similarly, it found that appellant could not make a claim for negligent infliction of emotional distress. Finally, the court found that both Officer Hooper and the City of Dayton were immune from civil suit for damages under Chapter 2744 of the Revised Code. Accordingly, the trial court granted summary judgment in favor of the defendants. On May 9, 1997, appellant McGuinness filed a timely notice of appeal.
 II.
Appellant raises seven assignments of error on appeal. We will address appellant's seventh assignment of error first because it relates to the range of evidence before trial court in its determination of the summary judgment motion. Furthermore, because an appellate court reviews the grant of summary judgmentde novo, Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105, our resolution of this assignment will effect the range of evidence that we will consider in determining the propriety of the trial court's judgment.
Appellant asserts with his seventh assignment of error that:
 VII. THE TRIAL COURT ERRED IN CONSIDERING UNTIMELY 
IRRELEVANT AFFIDAVITS AS PART OF THE BASIS FOR SUMMARY JUDGMENT
 Here, appellant objects to the two affidavits that were filed in the trial court along with appellees' reply memorandum. The affidavits in question were given by the two public safety officers from the University of Dayton who had investigated the accident. Appellant argues, first, that the affidavits were untimely because they were filed with the reply memorandum, rather than with the motion for summary judgment itself. We note that appellant did not raise the question of timeliness in the trial court, either when he moved to strike the additional affidavits or at any other time. He originally moved to strike the affidavits for their lack of relevance. Thus, the argument regarding the untimeliness of the evidence should properly be viewed as waived. See State v. Morris (1975), 42 Ohio St.2d 307, syllabus.
Moreover, even if the argument had not been waived, it lacks merit. Although 56(C) does require that all supporting documents be "timely filed in the action," the 1970 Staff Notes to Civ.R. 56 interpret this phrase to mean that:
 [u]nder the rule the movant must serve and file his motion and all supporting documents at least fourteen days before the time fixed for hearing, and the opponent should serve and file any opposing documents at least one day before the time fixed for hearing.
 Thus, the time requirement for filing additional affidavits is identical to that for service under 56(C). See 2 Klein Darling, Civil Practice (1997), Baldwin's Ohio Practice, 576, Section 56-22. The trial court did not grant summary judgment until April 11, 1997, almost seven months after the reply brief was filed. Therefore, the appellee's supplemental affidavits were not untimely filed against the fourteen-day rule of 56(C).
Furthermore, Civ.R. 56(E) states that "the court may permit affidavits to be supplemented or opposed by depositions or further affidavits." The rule expressly recognizes a trial court's power to permit supplementary affidavits from either the movant or the respondent. See Klein Darling, supra, at 576-78, Section 56-23. We see no error in the trial courts exercise of this power in the case sub judice.
Appellant's second argument in support of this assignment of error is that the affidavits were irrelevant. Civ.R. 56(E) requires that affidavits submitted for the purposes of summary judgment set "forth facts that would be admissible in evidence." Irrelevant information is inadmissible under Evid.R. 402; thus, it is improper under Civ.R. 56(E).
Nevertheless, we agree with the trial court that the information contained in these affidavits was relevant. Evid.R. 401 defines "relevant evidence" as:
 evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.
 This is a broadly inclusive definition. Any tendency toward proving a fact of consequence is sufficient to support a finding of relevancy. The personal observations of two safety officers who investigated the scene of the accident, their opinions regarding fault, and the information that they gave to Officer Hooper all tended to demonstrated the existence of probable cause, negating the vitality of a malicious prosecution claim. See, e.g., Portis v. TransOhio Sav. Bank (1988), 46 Ohio App.3d 69, 71. The evidence provided in the affidavits also addressed the appropriateness of Officer Hooper's actions, an important issue in resolving both the officer's defense of immunity and the emotional distress claims against him. See, e.g., Gammon v. City of Euclid (1996), 113 Ohio App.3d 256, 261 (involving immunity of police officer in summary judgment); Wells v. City of Akron (1987), 42 Ohio App.3d 148, 151 (involving an intentional infliction of emotional distress claim). We have no doubt that the information provided in the affidavits was admissible for the purposes of summary judgment. We overrule appellant's seventh assignment of error.
 III.
Next, we address collectively five of appellant's six remaining assignments of error because all five concern the propriety of granting summary judgment. These assignments of error are as follows:
 I. THE TRIAL COURT ERRED IN FINDING NO GENUINE ISSUE OF MATERIAL FACT
 II. THE TRIAL COURT ERRED IN GRANTING A SUMMARY JUDGMENT WHERE THE ISSUE OF NEGLIGENCE ON THE PART OF A DEFENDANT WAS AT ISSUE
 III. THE TRIAL COURT ERRED IN NOT VIEWING THE FACTS MOST FAVORABLY TO THE NON-MOVING PARTY
 V. THE TRIAL COURT ERRED IN ASCRIBING UNQUALIFIED IMMUNITY TO DEFENDANT "CITY OF DAYTON"
 VI. THE TRIAL COURT ERRED IN WEIGHING EVIDENCE AND DETERMINING FACTS IN ISSUING A SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS
 As we have already noted, this court reviews a grant of summary judgment de novo. See Grafton, 77 Ohio St.3d at 105. Summary judgment is appropriate when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis Day Warehousing Co.
(1976), 54 Ohio St.2d 64, 66. The party opposing summary judgment is entitled to have the evidence construed most strongly in its favor. Id. The party seeking summary judgment "bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims." Dresher v. Burt (1996), 5 Ohio St.3d 280, 293. Once the moving party has met that burden, the nonmoving party has a reciprocal burden of showing that a genuine issue of material fact does exist. Id. at 294. The nonmoving party is not permitted to rely on mere allegations or denials in his pleadings, but must point to some evidence in the record. See Civ.R. 56(E).
In the instant case, appellees have asserted affirmative defenses of immunity from liability against civil claims for damages. Immunity is a threshold question for determining the validity of appellant's tort claims. Thus, we will address first the propriety of the trial court's grant of summary judgment based on these defenses.
The City of Dayton asserts the immunity from liability provided for political subdivisions under R.C. 2744.02. Division (A)(1) of this statute creates a broad immunity for political subdivisions from actions for civil damages, subject only to certain enumerated exceptions. It provides as follows:
 For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.
 One of the exceptions listed in Division (B), at subsection (2), establishes liability for the negligence of employees of political subdivisions in their performance of proprietary functions. No such exception exists, however, for employees performing governmental functions. Thus, unless one of the other exceptions listed in R.C. 2744(B) applies, even wanton acts of a subdivision employee performing a governmental function will not give rise to liability. See Wilson v. Stark Cty. Dept. Of Human Serv. (1994), 70 Ohio St.3d 450, 452.
The provision of police services is expressly defined as a governmental function by R.C. 2744.01(C)(2)(a). It is clear from the record that Officer Hooper's actions, which provided the basis for all of appellant's claims, were taken in connection with his employment as a police officer. Consequently, because all the causes of action asserted by appellant were actions for civil damages, and because all the claims related to the provision of police services, the City of Dayton was immune from suit. Appellant has asserted no applicable exception to that immunity, nor are we able to perceive how any of the listed exceptions would be applicable. The trial court did not err, therefore, in granting summary judgment in favor of the City of Dayton.
We now turn to the issue of Officer Hooper's immunity. The immunity granted by R.C. 2744.02 does not extend to employees of political subdivisions. Nevertheless, R.C. 2744.03(A)(6) provides a similar broad grant of immunity for such employees, subject to three enumerated exceptions. Under the statute, an employee of a political subdivision is immune from liability unless (1) his actions were outside the scope of his employment; (2) his actions were performed with malicious purpose, in bad faith, or in a wanton or reckless manner; or (3) liability is expressly imposed on the employee by statute. See 2744.03(A)(6). Appellees met their initial burden of showing that Officer Hooper was entitled to immunity with evidence showing that officer Hooper was a police officer, acting in the course of his employment and in good faith. Appellant, then, did not meet his reciprocal burden of showing what issue of material fact remained in dispute in light of this defense.
Appellant has not alleged, and no evidence in the record shows, that Officer Hooper was acting outside the scope of his employment. Neither has appellant claimed that liability is imposed on the officer by statute. Appellant does contend, however, that the nature of the officer's actions — whether they were taken with malicious purpose, in bad faith, or performed in a wanton or reckless manner — remains an open question of fact. We disagree.
Reading appellant's affidavit in a light most favorable to him, we are unable to conclude that any allegation made therein would support a finding of malice, bad faith, wantonness, or recklessness. Appellant's fundamental claim against Officer Hooper is that he failed to investigate the accident thoroughly before issuing the citation. This claim rises, at best, to the level of negligence. The alleged actions of the police officer do not qualify as the kind of egregious acts that would stand outside the shield of immunity provided by R.C. 2744.03(A)(6). SeeMiskinis v. Chester Twp. Park Dist. (1996), 112 Ohio App.3d 466,469-70. Appellant was required to show some evidence in the record that Officer Hooper engaged in "conduct more egregious than simple carelessness." Jackson v. Butler Cty. Bd. of Cty. Commrs.
(1991), 76 Ohio App.3d 448, 454. Because appellant failed to do so, Officer Hooper was entitled to summary judgment.
Having found that both parties named as defendants in the instant action were entitled to summary judgment on the grounds of immunity under Chapter 2744, we need not address whether questions of fact existed in regard to the individual elements of appellant's tort claims. Appellees' immunity is determinative of all the claims against them. To the extent that appellant assigns error to the trial court's resolution of issues other than immunity, his arguments are moot. Accordingly, we overrule appellant's assignments of error one, two, three, five and six.
 IV.
Appellant's fourth, and sole remaining, assignment of error is as follows:
 IV. THE TRIAL COURT DENIED THE APPELLANTS THEIR RIGHT OF CONFRONTATION, CROSS EXAMINATION, AND A FAIR AND IMPARTIAL TRIBUNAL
 With this assignment of error, appellant raises constitutional questions that were not addressed to the trial court. It is axiomatic that failure to raise a constitutional issue in the trial court constitutes a waiver of that issue, and the question will not be addressed for the first time on appeal. State ex rel. Specht v. Oregon City Bd. of Ed. (1981), 66 Ohio St.2d 178,182. Furthermore, even if appellant had not waived this argument, it is not well taken. Where no genuine issue of material fact exists, a trial court may grant summary judgment, and the nonmoving party will not be deprived of any constitutional trial rights. See Houk v. Ross (1973), 34 Ohio St.2d 77, 85; see also Shore v. Parklane Hosiery Co., Inc. (C.A. 2, 1977), 565 F.2d 815, 819. Accordingly, we overrule appellants fourth assignment of error.
Having overruled each of appellant's seven assignments of error, we find no error in the trial court's decision granting summary judgment in favor of appellees.
Judgment Affirmed.
YOUNG, P.J., and GRADY, J., concur.
Copies mailed to:
Daniel B. McGuinness
John J. Danish
Hon. David Gowdown