DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Lucas County Court of Common Pleas which granted summary judgment in favor of appellees, ProMedica Physicians Corporation ("ProMedica"), Maumee OB-GYN Associates, Inc. ("Maumee OB-GYN"), and Doctors Isabel Y. Sim, Sugandha Purohit, Chris Kanios, Dayna Mohammadione, and Kristel Ward, against appellant, Hansen Consulting Group, Inc. For the reasons that follow we affirm and adopt the well-reasoned decision of the trial court.
Appellant raises the following as its assignments of error:
"STATEMENT OF ASSIGNMENTS OF ERROR
 "1. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT, HANSEN CONSULTING GROUP, INC., IN FINDING THAT NO GENUINE ISSUE OF MATERIAL FACT EXISTED WHEN IT DISMISSED APPELLANT'S CLAIM ON SUMMARY JUDGMENT FOR BREACH OF CONTRACT FOR FAILURE TO PAY AMOUNTS OWED UNDER THE AGREEMENT.
 "2. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT, HANSEN CONSULTING GROUP, INC., BY DETERMINING THAT APPELLANT WAS NOT ENTITLED TO COMPENSATION FOR A DEPOSIT MADE UNDER THE AGREEMENT.
 "3. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT, HANSEN CONSULTING GROUP, INC., BY FINDING THERE WAS NO GENUINE ISSUE OF MATERIAL FACT WHEN IT GRANTED SUMMARY JUDGMENT ON APPELLANT'S CLAIMS FOR QUANTUM MERUIT AND UNJUST ENRICHMENT FOR CONSULTING SERVICES.
 "4. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT, HANSEN CONSULTING, GROUP, INC. BY FINDING THAT THE AGREEMENT WAS NOT BREACHED BY APPELLEE, WHEN IT TERMINATED IT ON JULY 11, 1996, EFFECTIVE JULY 31, 1996, WITHOUT PRIOR NOTICE."
We have carefully examined the entire record in this matter, including the opinion and judgment entry prepared by the trial court. We conclude that the trial court has correctly considered the pertinent facts in this dispute and correctly applied the law to the facts and rendered judgment accordingly. Therefore, we adopt the decision of the trial court, insofar as it relates to the dispute between the parties herein, as our own (see Appendix A).
Insofar as appellant asserts that the trial court failed to consider some specific arguments, we shall briefly address them herein. Appellant argues that the trial court failed to consider and find that a genuine issue of material fact exists as to (1) whether Maumee OB-GYN sold its practice prior to terminating appellant's contract with it, but then wrongfully deferred payment for the accounts receivable until after the effective date of termination "in order to deprive appellant of or compensation for services rendered under the agreement"; and (2) whether appellant is entitled to compensation for services performed in July 1996.
Initially, we note that there is no evidence to support appellant's contention that Maumee OB-GYN deferred payment for the accounts receivable until after August 1, 1996. The contract with ProMedica, entered into on July 3, 1996, provided for a closing date of August 1, 1996. According to Michael Swick, senior vice-president of ProMedica Health Systems, ProMedica chose August 1, 1996, because the receivables were not their responsibility until that date. Once ProMedica could confirm that there was not "much of a fluctuation in numbers" then they could compute the percentage of receivables for which they would pay. When asked if there was a reason ProMedica did not pay for part of the accounts receivable in July, Swick testified that accounts receivable fluctuate too much from month to month to front any money. Swick stated that ProMedica did not pay in July, "Because we weren't sure what we would be paying because it hadn't been determined until August 1st."
Accordingly, we find there was no evidence that Maumee OB-GYN was entitled to receive any portion of the $570,860 in accounts receivable from ProMedica prior to August 1, 1996. Moreover, insofar as the agreement drafted by Hansen is silent regarding what was to occur upon termination of the parties' relationship, we find there is no evidence supporting appellant's argument that Maumee OB-GYN breached its contract with appellant regarding the timing of its receipt of accounts receivable from ProMedica.
Furthermore, we find that there is no genuine issue of material fact regarding whether appellant was entitled to receive any percentage of the accounts receivable collected and deposited after the termination of the parties' agreement. The agreement provides: "Following the end of each month Hansen Consulting Group will bill Maumee OB-GYN 8% for all netamounts deposited in excess of $165,000 per month." (Emphasis added.) The accounts receivable paid for by ProMedica were not "deposited" until August 1996, after appellant's termination. Appellant could have included a provision in its agreement with Maumee OB-GYN to receive a percentage of the deposits that came in after the termination of the relationship; however, it failed to include such a provision. "The total absence of a provision from a written contract is evidence of an intention of the parties to exclude it rather than of an intention to include it." Buckeye Union Ins. Co. v. Consolidated Stores Corp. (1990)68 Ohio App.3d 19, 24-25, citing, Cronin v. Greenwald (1952),92 Ohio App. 216. Moreover, a "document must be read as a whole and construed most strongly against its author." Buckeye at 24.
Appellant additionally argues that the trial court erroneously disregarded the affidavit testimony of appellant's expert, Dennis Snell, C.P.A. Snell stated that, based upon the parties' agreement, appellant was entitled to the amounts it described in its invoice[1] "since it rendered patient billing and collection services to Maumee up through July 31, 1996, two weeks after it was terminated, and since Maumee collected a discounted percentage of all outstanding account receivables based upon the amounts outstanding on July 31, 1996." Only when a contract is unclear or ambiguous, or when circumstances surrounding the agreement give the plain language of the contract special meaning is extrinsic evidence admissible to ascertain the intent of the parties.Graham v. Drydock Coal Co. (1996), 76 Ohio St.3d 311, 313-14. In this case, rather than interpreting ambiguous language in the agreement, Snell's testimony attempted to add provisions to the parties' agreement that did not exist. It is not the responsibility or function of the court to rewrite the parties' contract in order to provide for a more equitable result. Enviresponse v. Cty. Convention (1997),78 Ohio St.3d 353, 362. Accordingly, we find that Snell's testimony was properly disregarded and did not create a genuine issue of material fact.
Based upon our adoption of the trial court's opinion and judgment entry, and our findings herein, we find appellants' assignments of error not well-taken. On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
Peter M. Handwork, J., Richard W. Knepper, P.J., George M. Glasser,J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] On August 19, 1996, Hansen responded to Maumee OB-GYN's termination letter with a letter which stated it was entitled to the following:
 "1. As of July 31, 1996 your accounts receivable were $631,265 minus accounts without payment for one year, $104,009, equalling $527,256. The majority of the work was already done by [appellant] before July 31, 1996. I estimate [appellant] would be able to collect 73% which equals $384,897. Our fee (per our contract) is 8% which is $30,800.
 "2. On July 10, 1996 a deposit of $271,307 was made according to the bank * * *. Since the contract specifically refers to net amounts deposited, you owe [appellant] 8% of $271,307 which is $21,704."