OPINION
{¶ 1} In this accelerated calendar appeal, appellant, G M Tanglewood, Inc., appeals from a final judgment of the Geauga County Court of Common Pleas granting appellees, Tanglewood Partners, Bainbridge Township ("the township"), Mike LeManna ("LeManna"), Anne Randall ("Randall"), and Jack Kolesar ("Kolesar"), summary judgment. For the reasons that follow, we affirm the judgment of the common pleas court.
 {¶ 2} Appellant owns 1.467 acres of land immediately adjacent to a shopping mall owned by Tanglewood Partners. As part of its efforts to build an office building on the property, appellant filed an application for a zoning certificate with the township zoning inspector on March 28, 2000. After the zoning inspector denied the application, appellant filed an appeal with the Bainbridge Township Board of Zoning Appeals ("the BZA") on June 6, 2000. The BZA held a hearing on July 20, 2000, considered the evidence, and unanimously affirmed the zoning inspector's decision.
 {¶ 3} On August 4, 2000, appellant filed a complaint in the Geauga County Court of Common Pleas against appellees. The complaint alleged that the township and the individual members of the BZA, LeManna, Randall, and Kolesar, had "maliciously conspired" to deprive appellant of an appropriate use of its property, and that Tanglewood Partners participated in the conspiracy. Accordingly, appellant asked the common pleas court to order the BZA to grant its application for a zoning certificate and to award appropriate damages.
 {¶ 4} The township, LeManna, Randall, and Kolesar filed a motion for summary judgment in which they argued that they were entitled to judgment as a matter of law because appellant had failed to file a proper appeal from the BZA's decision. Specifically, they claimed that appellant never filed a notice of appeal with the BZA, and, therefore, failed to meet the jurisdictional requirements for commencing an administrative appeal. The township, LeManna, Randall, and Kolesar also asserted that appellant was collaterally estopped from raising issues relating to the denial of the zoning certificate because the BZA had rejected similar arguments on several occasions in the past. Furthermore, even if appellant were allowed to pursue its claims, the township, LeManna, Randall, and Kolesar submitted that they were entitled to immunity.
 {¶ 5} Tanglewood Partners also filed a motion for summary judgment. It argued that appellant was prohibited from litigating the question of whether Tanglewood Partners had conspired with the members of the BZA to prevent appellant from using its property because appellant previously had released Tanglewood Partners from any claims arising from their transactions involving the property at issue. In addition, Tanglewood Partners maintained that appellant had failed to produce any evidence demonstrating that a conspiracy existed.
 {¶ 6} Appellant filed a brief in opposition to summary judgment arguing that the trial court had jurisdiction because appellees had received a copy of its complaint that should have put them on notice that the company was appealing the BZA's decision. The company also claimed that res judicata was not applicable because the underlying facts in this case were not the same as those involved in the earlier applications. As for the release of claims against Tangelwood Partners, appellant submitted that Tanglewood Partners had breached the parties' agreement, and even if they had not, the release only related to past actions and did not absolve Tanglewood Partners of subsequent wrongdoing.
 {¶ 7} The trial court considered the parties' arguments, and in an abbreviated judgment entry, granted appellees summary judgment. From this decision, appellant filed a timely notice of appeal with this court. The company now argues under its two assignments of error that summary judgment was inappropriate because there are still genuine issues of material fact suitable for trial.
 {¶ 8} First, appellant contends that service of the complaint on the parties satisfied R.C. 2505.04's requirement that a party appealing an administrative decision file its notice of appeal with the administrative agency involved. Appellant believes that a "functional notice of appeal served on the Board and its individual members should satisfy the requirements of O.R.C. 2505.04."
 {¶ 9} Having carefully reviewed the record, we conclude that appellant's complaint was never intended to be an administrative appeal of the BZA's decision. Appellant captioned this action as a "COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF." Furthermore, appellant never once referred to R.C. 2505.04, which governs appeals from an administrative agency decision, and failed to file the action with the BZA, which is not even a named party in this case. Although appellant asks the common pleas court to order the BZA to grant its zoning certificate application, this request is clearly premised on appellant's alleged conspiracy theory and not on the facts supporting the BZA's decision.
 {¶ 10} Even if appellant had intended to pursue an administrative appeal, the trial court did not have jurisdiction to consider it. R.C.2505.04 provides that "[a]n appeal is perfected when a written notice of appeal is filed *** in the case of an administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved." In interpreting this provision, this court has held on numerous occasions that "the filing of a notice of appeal in the proper location is a jurisdictional requirement, and that the filing of the notice with the common pleas court is notsufficient to satisfy the statute." (Emphasis added.) Portage Metro.Hous. Auth. v. Ravenna Twp. Bd. of Zoning Appeals (Dec. 13, 1996), 11th Dist. No. 96-P-0197, 1996 Ohio App. LEXIS 5636, at 11-12. See, also,Leifheit v. Palmyra Twp. Bd. of Zoning Appeals (June 22, 2001), 11th Dist. No. 99-P-0112, 2001 WL 703870; Marks v. Streetsboro Planning Comm.
(Dec. 3, 1999), 11th Dist. No. 98-P-0076, 1999 Ohio App. LEXIS 5781;Bognar v. Mantua Twp. Bd. of Zoning Appeals (June 25, 1999), 11th Dist. No. 98-P-0054, 1999 Ohio App. LEXIS 2948.
 {¶ 11} Appellant, however, maintains that filing its complaint with the common pleas court and serving the BZA was the functional equivalent to directly filing its appeal with the administrative agency. In particular, appellant submits that the fact the complaint "was not entitled `Notice of Appeal' should not deny jurisdiction to the [common pleas court] when actual notice has been effected[,]" because the complaint was timely filed with the common pleas court and "informed [the BZA] and its members that an appeal was being taken from the denial of July 20, 2001 [sic]." We disagree.
 {¶ 12} In Trickett v. Randolph Twp. Bd. of Zoning Appeals (Aug. 18, 1995), 11th Dist. No. 94-P-0007, 1995 Ohio App. LEXIS 3394, we held that "[s]ervice is not the equivalent of filing the notice with the Board of Zoning Appeals[,]" as "the issue is not whether the BZA received a copy, but how the copy came to the BZA." Trickett at 10. As a result, "because the notice of appeal was not filed in the place mandated by R.C. 2505.04, it did not satisfy the jurisdictional prerequisites therein, and the common pleas court was without jurisdiction to hear the administrative appeal[.]" Id. at 11. See, also, Leifheit at 2-3.
 {¶ 13} There is a difference between filing a notice of appeal and serving the same on another party. R.C. 2505.04 clearly states that to perfect an administrative appeal and vest the common pleas court with jurisdiction, the notice must be filed with the administrative agency involved in the decision. As we noted above, this requirement is jurisdictional in nature, and the failure to properly file the notice of appeal in cases such as this is not a technical requirement that can be waived. Andolsek v. Willoughby Hills Bd. of Zoning Appeals (Dec. 10, 1993), 11th Dist. No. 93-L-050, 1993 Ohio App. LEXIS 5910, at 8-9 (observing that "[t]he fact that appellant served the [BZA] with a copy of the [complaint] filed with the common pleas court is simply irrelevant to the determination of whether the appeal had been properly perfected.")
 {¶ 14} Accordingly, the common pleas court did not have the authority to order the BZA to grant appellant's application. Rather, if appellant wished to challenge the merits of the BZA's decision, it had to file a proper administrative appeal because the question of whether the BZA should have issued the zoning certificate is separate and apart from the question of whether appellees conspired against appellant.
 {¶ 15} Having determined that this action is not an administrative appeal, we will now consider whether the trial court erred in granting appellees summary judgment on appellant's complaint. Summary judgment is proper when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); Leibreich v. A.J. Refrigeration,Inc., 67 Ohio St.3d 266, 268, 1993-Ohio-176.
 {¶ 16} The party seeking summary judgment on the ground that the nonmoving party cannot prove its case bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims. Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107. The moving party must be able to point specifically to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claim.Id.
 {¶ 17} If the moving party fails to satisfy this initial burden, summary judgment should be denied. Id. However, if this initial burden is met, the nonmoving party has a reciprocal burden to respond, by affidavit or as otherwise provided in the rule, in an effort to demonstrate that there is a genuine issue of fact suitable for trial. Id.
 {¶ 18} Because appellant did not properly appeal the BZA's decision, we will only consider the actions of the individual members of the BZA in relation to appellant's civil conspiracy claim. Accordingly, there is no need for this court to determine whether appellant's previous attempts to develop his property barred him from filing his most recent request for a zoning certificate, as the merits of the BZA's decision are not appropriately before this court. In other words, we will limit our review in this case to the question of whether appellees engaged in conspiratorial conduct.
 {¶ 19} "A claim of civil conspiracy requires the plaintiff to prove a malicious combination of two or more persons causing injury to person or property and the existence of an unlawful act independent from the actual conspiracy." Miskinis v. Chester Twp. Park Dist. (1996),112 Ohio App.3d 466, 472. See, also, Williams v. Aetna Fin. Co. (1998),83 Ohio St.3d 464, 475; Kenty v. Transamerica Premium Ins. Co. (1995),72 Ohio St.3d 415, 419. To prove malicious conduct, the plaintiff must show that the alleged perpetrators committed "`a wrongful act purposely, without a reasonable or lawful excuse, to the injury of another.'"Williams at 475, quoting Pickle v. Swinehart (1960), 170 Ohio St. 441,443.
 {¶ 20} In 1980, appellant's predecessor in interest, G M Tanglewood Associates ("GMTA"), acquired a 23.14 acre tract of land in Bainbridge, Ohio. That same year GMTA obtained a conditional use permit from the township to construct a shopping mall on the property. In 1984, GMTA conveyed the property to Tanglewood Partners, who then re-conveyed 1.103 acres back to GMTA. GMTA later acquired .364 acres from an adjacent property owner, which increased the plot to its current size of 1.467 acres.
 {¶ 21} In 1991, Tanglewood Partners submitted to the township a site plan and an application for variances to expand the shopping mall. Although the plan was approved, a dispute arose between GMTA and Tanglewood Partners. Specifically, GMTA insisted that when Tanglewood Partners re-conveyed the 1.103 acres to GMTA, GMTA acquired a right of access easement over the property retained by Tanglewood Partners to Chillicothe Road.
 {¶ 22} As a result of this dispute, GMTA filed a complaint in the United States District Court for the Northern District of Ohio for damages. While the case was pending, GMTA transferred title to the 1.467 acres to appellant. Eventually, the parties entered into a settlement in which the parties, among other things, agreed to a driveway easement and released each other from all claims to the date of the agreement. The district court then dismissed the case with prejudice.
 {¶ 23} With respect to the efforts by GMTA to develop the 1.467 acres, in 1989, the BZA denied a request from a company to construct a restaurant on the property. According to the BZA, when GMTA received the conditional use permit in 1980, the 1.103 acres originally re-conveyed were considered as open space and could not now be developed. GMTA did not appeal this decision.
 {¶ 24} In 1990, Diversified Companies, Inc. ("Diversified"), applied for a zoning certificate to construct an office building. As before, the township zoning inspector denied the request, finding that the property had been identified as open space in a previously issued conditional use permit that was still in effect. The zoning inspector advised Diversified that the conditional use permit had to be modified to release the property from the open space requirement. As before, the decision was not appealed.
 {¶ 25} Two years later, GMTA filed its own application for a zoning certificate to construct an office building on the 1.467 acres. The interim zoning inspector considered GMTA's request and denied the application on the grounds that that it was identical to the previous one submitted in 1990, and that there had been no substantial change in circumstances during that time. GMTA did file an appeal of the zoning inspector's decision.
 {¶ 26} In denying appellant's most recent application for a zoning certificate, the BZA found that when the township granted GMTA a conditional use permit to construct a shopping mall in 1980, a portion of the property appellant now owns was considered a part of the lot coverage. As a result, the board members concluded that an equitable servitude had been created on the original 1.103 acres reacquired by GMTA in favor of the property owned by Tanglewood Partners because appellant's land had to remain undeveloped in order to maintain the necessary lot coverage considered as part of the conditional use. In fact, the township zoning inspector considered appellant's lot as open space when he granted Tanglewood Partners a variance to further develop the mall in 1991.
 {¶ 27} Appellant, however, argues that Tanglewood Partners had no right to rely on appellant's property as open space for purposes of developing the shopping mall property. By doing so, appellant maintains, Tanglewood Partners has tortiously interfered with appellant's right to use its 1.467 acres as desired. We disagree.
 {¶ 28} The question of whether or not the BZA correctly found that a portion of appellant's property is subject to an equitable servitude should have been raised in an administrative appeal of the BZA's decision. Having failed to do that, appellant is essentially trying to circumvent the appellate process by claiming that the township, LeManna, Randall, Kolesar, and Tanglewood Partners are involved in a civil conspiracy to deprive appellant of the use of its property.
 {¶ 29} Therefore, after conducting a comprehensive review of the record, we conclude that there is absolutely no evidence to support appellant's theory. The fact that the individual members of the BZA, as a group, did not approve appellant's application is insufficient by itself to establish the existence of a genuine factual issue suitable for trial. Even if their decision was based on factual mistakes or misunderstandings, there is nothing before this court to show that their conduct was malicious in any way. Furthermore, appellant has failed to show what actions, if any, the township took to deprive appellant of the use of its property. Appellant also provided no evidence that Tanglewood Partners ever misled the BZA or otherwise participated in a plan to interfere with appellant's development of its property.
 {¶ 30} As we have noted time and again in this opinion, if appellant disagreed with the BZA, the company should have properly appealed the board's decision to the common pleas court. Appellant also had opportunities in the past to challenge the BZA's prior rulings with respect to the development of its property but failed to take advantage of them. Accordingly, appellant's two assignments of error are not well-taken.[1]
 {¶ 31} Based on the foregoing analysis, the judgment of the trial court is affirmed.
WILLIAM M. O'NEILL, P.J., and DONALD R. FORD, J., concur.
[1] Because we have determined that appellant failed to provide evidence creating a genuine issue of material fact concerning his civil conspiracy claim, there is no need for this court to address whether the township, LeManna, Randall, and Kolesar were entitled to immunity.